<pre>
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                             AT TACOMA
</pre>

| | |
|---|---|
| JENNIFER J., <br><br>                Plaintiff, <br><br>     v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>                Defendant. | CASE NO. 2:18-CV-01747-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to provide specific, legitimate reasons, supported by substantial evidence in the record, to discount medical opinion evidence from Dr. Peter N. Moore, Psy.D. Had the ALJ properly considered Dr. Moore's opinion, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On December 18, 2014, Plaintiff filed an application for DIB, alleging disability as of July 11, 2009.[1] *See* Dkt. 8, Administrative Record ("AR") 17. The application was denied upon initial administrative review and on reconsideration. *See* AR 17. ALJ Laura Valente held a hearing on May 23, 2017. AR 37-84. In a decision dated November 29, 2017, the ALJ determined Plaintiff to be not disabled. AR 14-34. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-8; 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) provide specific and legitimate reasons to discount Dr. Moore's medical opinion; and (2) state clear and convincing reasons to reject Plaintiff's subjective symptom testimony about her mental health limitations. Dkt. 10, pp. 3-10.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] Plaintiff has prior applications for DIB and supplemental security income which are administratively final and not at issue in this case. *See* AR 17.

DISCUSSION

**I.     Whether the ALJ properly considered Dr. Moore's opinion.**

Plaintiff first argues the ALJ erred by failing to provide any specific and legitimate reason to reject medical opinion evidence from examining physician Dr. Moore. Dkt. 10, pp. 3-7.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Moore conducted a psychological evaluation of Plaintiff on September 17, 2015. AR 724-27. As part of his evaluation, Dr. Moore reviewed prior psychological evaluations and records, reviewed with Plaintiff her personal history, and conducted a mental status examination. *See* AR 724-27. Dr. Moore opined Plaintiff's "anxiety disorder will interfere with her ability to persist at work functions over a normal day." AR 726. Dr. Moore found that while Plaintiff is "intelligent and capable," her "anxiety disorder will make her performance inconsistent." AR 726. Dr. Moore determined Plaintiff "will need more support and supervision to complete tasks as she is not yet able to work fully independently and autonomously." AR 727. Moreover, Dr. Moore opined Plaintiff "will have more difficulty working collaboratively with others." AR 727.

Dr. Moore also found Plaintiff will "need more time than most to build a safe relationship so that she can interact, cooperate, and resolve differences with others appropriately." AR 727. Dr. Moore determined Plaintiff's prognosis is "guardedly optimistic." AR 727.

The ALJ assigned "[s]ome weight" to Dr. Moore opinion. AR 26. She found Dr. Moore's opinion that Plaintiff "has a significant anxiety disorder . . . partly supported by the overall evidence," but she discounted the weight assigned to Dr. Moore's opinion because:

> As Dr. Moore opines . . . the claimant as assessed during his exam has generally normal functioning: ["] [Plaintiff's] presentation and performance during this evaluation suggest that she functions in the high to average range of intellectual abilities. She understood all questions and instruction[s],[2] gave adequate to good definitions of words of varying difficulty, and gave abstract and accurate interpretations of two proverbs. She performed well on brief measures of immediate and delayed memory and attention and concentration. She had some difficulty drawing a clock suggesting that anxiety may interfere with her planning and organization abilities." This opinion from Dr. Moore conflicts with his conclusion that anxiety disorder prevents her from performing and completing tasks, "as she is not yet able to work independently and autonomously." Dr. Moore's own findings/observations do not support this conclusion. Despite the internal inconsistencies with Dr. Moore's opinion, several limitations have been added to the [mental RFC] to account for the most the claimant can still do.

AR 26 (citing AR 726-27).

The ALJ, quoting part of Dr. Moore's Medical Source Statement, discounted the limitations Dr. Moore opined because she found the limitations both unsupported by and inconsistent with Dr. Moore's examination. *See* AR 26. An ALJ may reject an opinion that is "inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). An ALJ may likewise discount a physician's opinion based on "internal inconsistencies" in the opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (citations omitted). But an ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995,

---

[2] Alteration in original.

1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, *even when the objective factors are listed seriatim*. The ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct.

*Embrey,* 849 F.2d at 421 (emphasis added).

In this case, the ALJ used conclusory reasoning when she found Dr. Moore's opined limitations unsupported by and inconsistent with his examination. While the ALJ quoted part of Dr. Moore's Medical Source Statement and found Dr. Moore's findings "conflict[] with" his conclusions, the ALJ failed to explain *how* any of Dr. Moore's observations fail to support or conflict with Dr. Moore's conclusions. The ALJ "merely states" these facts "point toward an adverse conclusion" yet "makes no effort to relate any of these" facts to "the specific medical opinions and findings [she] rejects." *Id.* at 421. Given the ALJ's lack of explanation, this is not a specific, legitimate reason, to discount the weight assigned to Dr. Moore's opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

Additionally, the ALJ's conclusory reasoning overlooks abnormal observations from Dr. Moore's evaluation which support his opinion. In the mental status examination, for example, Dr. Moore noted Plaintiff's "responses were rambling with extraneous detail." AR 725. Plaintiff "frequently had to be redirected which she did cooperatively." AR 725. Dr. Moore observed Plaintiff "was somewhat apologetic and embarrassed by her loquaciousness." AR 725. Plaintiff's mood was anxious, she "was teary at times," and her "affect was tense much of the time." AR 725. Dr. Moore noted that Plaintiff's "sleep is disturbed by pain and she has periods of

nightmares." AR 725. Plaintiff had a "diminished appetite," was "bothered daily of memories . . . about past assaults," and was "wary about being out in public in certain places that remind her of where she was assaulted in the past." AR 726. Dr. Moore remarked that Plaintiff experienced "significant trauma as an adult and a child." AR 725.

In measuring Plaintiff's memory and concentration in the mental status examination, Dr. Moore observed that Plaintiff "made one false start" when drawing a clock and "became confused when putting in the anchor numbers." AR 726. Plaintiff's "second clock was well formed" and "proportional," but Plaintiff "reversed the hour and minute hands." AR 726. Dr. Moore opined that Plaintiff's difficulty drawing a clock suggested "that anxiety may interfere with her planning and organization abilities." AR 726. Further, Dr. Moore determined Plaintiff's "presentation, records, and biographical information consistently suggest that she suffers from a significant anxiety disorder." AR 726. Dr. Moore similarly found that the evaluation indicates Plaintiff's "anxiety can interfere with her ability to plan and organize." AR 727.

In sum, although the ALJ described some findings from Dr. Moore's evaluation, she failed to consider abnormal findings which support Dr. Moore's opined limitations. The ALJ's selective record reliance is not a specific, legitimate reason, supported by substantial evidence in the record, to discount Dr. Moore's opinion. *See Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"); *Reddick*, 157 F.3d at 722-23 ("In essence, the ALJ developed [her] evidentiary basis by not fully accounting for the context of materials or all parts of the . . . reports. [Her]

paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

The ALJ failed to provide any specific and legitimate reason, supported by substantial evidence, for discounting the opinion evidence from Dr. Moore. Therefore, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The Ninth Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the RFC and the hypothetical questions posed to the vocational expert ("VE") may have included additional limitations with proper consideration of Dr. Moore's opinion. For example, the RFC and hypothetical questions may have reflected Dr. Moore's opinion that Plaintiff's anxiety disorder will interfere with her ability to persist at work functions over a normal work day. *See* AR 726. The RFC and hypothetical questions may have also indicated, as Dr. Moore opined, Plaintiff would "need more support and supervision to complete tasks as she is not yet able to work fully independently and autonomously." *See* AR 726-27. The RFC and hypothetical questions posed to the VE, however, did not reflect these limitations. *See* AR 22, 75-

78. Thus, although the ALJ noted in her assessment of Dr. Moore's opinion that he included limitations in the RFC "to account for the most" Plaintiff can do, the ALJ failed to include limitations in the RFC and hypothetical questions reflecting all parts of Dr. Moore's opinion. Because the ultimate disability determination may have changed with proper consideration of Dr. Moore's opinion, the ALJ's errors are not harmless and require reversal.

**II.    Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony.**

Plaintiff alleges the ALJ failed to provide legally sufficient reasons to discount the weight given to Plaintiff's subjective symptom testimony. Dkt. 10, pp. 7-10. The Court has determined the ALJ committed harmful error in assessing Dr. Moore's opinion and has directed the ALJ to reassess Dr. Moore's opinion on remand. *See* Section I., *supra*. As Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony, the ALJ shall reconsider Plaintiff's subjective symptom testimony on remand.

Although a full analysis of the ALJ's consideration of Plaintiff's testimony is not necessary, the Court notes the ALJ's evaluation of Plaintiff's testimony contains facially apparent errors that the ALJ shall not commit on remand. For instance, the ALJ noted that while Plaintiff "alleges that she is disabled, it is documented in treatment records that she keeps up on housework, organizes, takes walks and reconnecting [sic] with friends." AR 25 (citing AR 601, 603). But the ALJ did not explain "*which* daily activities conflicted with *which* part of [Plaintiff's] testimony." *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (emphasis in original); *see also Brown-Hunter*, 806 F.3d at 494 (citation omitted) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error."); *Reddick*,

157 F.3d at 722 ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations").

Additionally, while the ALJ discredited Plaintiff's testimony because she found the record "consistently noted" that Plaintiff was "alert," oriented, had an "appropriate mood/affect," and "intact memory," this finding overlooks abnormal observations in the record about Plaintiff's presentation. *See, e.g.*, AR 534 (anxious, blunted affect, depressed; "appear[ing] exhausted" and feeling "vulnerable and exposed"), 535 (anxious, depressed), 633 (anxious and depressed mood, labile affect), 638 (anxious, depressed mood; teary), 652 (tearful throughout session; "struggl[ing] to remember details"), 657 (tearful, tangential, trouble concentrating), 660 (tearful, tangential, "poor memory at times"), 671 (tearful, expressive, agitated), 673 (emotional, speaking quickly; "loud outbursts of laughter"). Moreover, in rejecting Plaintiff's testimony, the ALJ merely summarized the medical evidence. *See* AR 24-25. The ALJ failed to provide any explanation as to how the evidence she described undermines Plaintiff's subjective symptom testimony. *See* AR 24-25; *Brown-Hunter*, 806 F.3d at 489 ("an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination"). Considering the ALJ's failure to account for abnormal observations in the record and the ALJ's conclusory reasoning, the ALJ's finding that the records on Plaintiff's mental health undermine her testimony is not clear and convincing nor supported by substantial evidence.

On remand, if the ALJ intends to reject Plaintiff's testimony, she is directed to provide specific reasons supported by the record for doing so.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 18th day of July, 2019.

_____
David W. Christel
United States Magistrate Judge